### George Grant v. The State.

#### No. 3067.   Decided June 21, 1905.

**1.—Burglary—Requested Charge—Force Used in Breaking.**

Where the general charge of the court sufficiently presented the question of force required to constitute a breaking on a trial for burglary, the evidence not specially raising that question, there was no error in refusing a special charge on this subject.

**2.—Same—Charge Refused—Temporary Insanity—Recent Use of Intoxicants.**

Where in a prosecution for burglary the general charge required the jury to believe that defendant had the specific intent to steal in breaking into the house, and in addition, gave a charge on drunkenness produced by the recent use of intoxicating liquors, authorizing them to consider the evidence of temporary insanity only in mitigation of the penalty, there was no error in refusing a requested charge that defendant must have been able at the time to have distinguished between right and wrong.

Appeal from the District Court of Ellis.  Tried below before Hon. J. E. Dillard.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. P. Anderson,* for appellant.—Wenz v. State, 1 Texas Crim. App., 36; Evers v. State, 31 Texas Crim. Rep., 318; Reagen v. State, 28 Texas Crim. App., 227; Wright v. State, 37 Texas Crim. Rep., 627; Cady v. State, 39 Texas Crim. Rep., 236; Harris v. State, 20 Texas Crim. App., 652.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the burglary of a private residence at night, and his punishment fixed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant asked a special charge on the force required to constitute

a breaking. We think the court in the general charge sufficiently presented this question. The evidence did not specially raise this issue.

Appellant also requested the following special instruction: "Before the jury can convict they must believe beyond a reasonable doubt that at the time defendant entered the house of Walker, he was in such a state of mind that he knew what he was doing and knew the difference between right and wrong, and if you have a reasonable doubt on said matter, you should acquit. This charge was refused, and appellant assigns this as error. The court in the general charge required the jury to believe that appellant had the specific intent to steal in breaking into the house; and in addition gave a charge on drunkenness produced by the recent use of intoxicating liquors, following the law as announced in Evers v. State, 31 Texas Crim. Rep., 318. The charge authorized the jury to consider the evidence of temporary insanity only in mitigation of the penalty they should fix to the offense in case they should believe appellant guilty. The doctrine announced in the Evers case seems to be the law in this State, and the charge as given was in accordance therewith. At any rate, we do not believe in this particular case, there was error in the court declining to give the special requested instruction. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]